IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HEATHER COTE | CRIMINAL ACTION NO.<br><br>1:12-cr-0053-SCJ-RGV |

GOVERNMENT'S RESPONSE TO
DEFENDANT COTE'S MOTIONS TO SUPPRESS STATEMENTS

In her pending motions, defendant Heather Cote seeks to suppress statements that she made: (a) during in-person interviews with German investigators in Germany in December 2011 and January 2012; and (b) in a February 29, 2012, telephone call, while Cote was out-of-custody and in Germany, with FBI Special Agent Stephen Ryskoski, AUSA Brian Pearce, and MT, a U.S.-based corporate attorney.  (Docs. 46, 50, 51.)

To resolve Cote's challenge to her statements to German investigators in December 2011 and January 2012, the government proposes that the Court conduct a targeted evidentiary hearing immediately prior to trial to address the voluntariness of those statements and whether they were made pursuant to an

independent or joint venture investigation by German authorities.[1]  With respect to Cote's February 29, 2012, statement, the government agrees to refrain from affirmatively introducing the statement into evidence in its case-in-chief at trial, reserving the right, however, to introduce the statement: in any proceeding in which Cote introduces another statement made during the same discussion, if in fairness the statements ought to be considered together; and to cross-examine Cote, should she provide testimony inconsistent or contradictory to her February 29, 2012, statement.[2]

A.   **FACTUAL SUMMARY**[3]

    1.   *Overview of fraud scheme*

From about 2008 through December 2011, defendant Lawrence Kenneth Swenson Jr. conspired with Cote and others to operate an advance fee scheme.

---

[1] In the interim, the government has agreed to seek to facilitate a video teleconference between the government, Cote, her counsel, and German investigators Höft and Bürger, so that Cote's counsel can explore the circumstances and substance of the December 2011 / January 2012 interviews. The government is waiting to hear back from Cote's counsel on whether they are interested in participating in such a video teleconference and, if so, for when to schedule it.

[2] This does not constitute a concession by the government that the February 29, 2012, statement should be suppressed.  Rather, it is done to help streamline pretrial litigation.

[3] This is not intended as an exhaustive factual recitation, but rather, is a targeted summary to provide sufficient information (and context) to decide Cote's motions.

Swenson and Cote were assisted by Eric Dallas, through a fraudulent escrow company founded by Dallas and Cote.[4]  Swenson and Cote stole millions of dollars from their victims based on fraudulent representations that they would find alternative financing of the victims' commercial and residential projects in exchange for fees and upon deposit of earnest money required by wealthy Eastern European financiers.

    2.    *The U.S. investigation*

In late 2010 / January 2011, the FBI initiated an investigation into the fraud scheme and violations of U.S. law.  The U.S. investigation included conducting a series of witness interviews, analyzing subpoenaed documents, and searching and analyzing electronic evidence, among other things.

    3.    *The German investigation*

In about October 2010, German investigators opened their own independent investigation into Swenson based on suspicion that he had violated its sovereign law.  Germany's investigation into Cote began in about October 2011, similarly based on suspected violations of its sovereign law.

---

[4] On September 13, 2012, Dallas was convicted of conspiracy to transfer money taken by fraud and was sentenced to 60 months of imprisonment, followed by a three-year term of supervised release.  *See U.S. v. Dallas*, U.S.D.C., N.D.Ga., Crim. Action No. 1:12-cr-00105-SCJ.

### 4. *Cote's statements to German investigators*

On about December 20, 2011, German Landeskriminalamt ("LKA") investigators Vollstedt, Höft, and Bürger interviewed Cote concerning their criminal investigation; an interpreter (Godenrath) and secretary (Dally) also were present. Before the interview began, Cote was advised that she did not need to make any statements regarding the pending criminal charges.

On about January 5, 2012, LKA investigators Höft and Bürger again interviewed Cote concerning their criminal investigation; interpreter Godenrath and Hanover Customs Investigation Department employee Opiela also were present. Before the interview began, Cote was advised that she did not need to make any statements regarding the pending criminal charges.

On about January 13, 2012, Cote filed a complaint in Germany against Swenson for fraud (in the amount of €720,000). In connection with Cote's complaint, LKA investigators Höft and Bürger interviewed Cote at her home, with an interpreter (Möller).

Cote agreed to meet with investigators Höft and Bürger again on January 17, 2012, at her home, to provide supplemental information for her complaint against Swenson; interpreter Möller participated in that interview as well. After Cote provided information for her complaint, the investigators interviewed her about

their criminal investigation.  Before that portion of the interview began, Cote was once again advised that she did not need to make any statements regarding the pending criminal charges.

5.   *U.S. indictment*

On February 14, 2012, a Northern District of Georgia grand jury returned a 16-count indictment against Swenson and Cote charging them with wire fraud, conspiracy to commit wire fraud, and transportation of stolen money and property. (Doc 1.)

6.   *Cote's February 29, 2012, telephone conference*

On February 29, 2012, while Cote was out-of-custody and in Germany, she participated in a telephone call with FBI Special Agent Ryskoski, AUSA Pearce, and MT.  During the call, Cote discussed Swenson, his associates, his possible whereabouts, her efforts to find and contact Swenson, and her return to the United States to self-surrender.

7.   *Cote's arrest*

In April 2012, Cote appeared in the Central District of California and received an own-recognizance bond to enable her to resettle in the United States and to tend to family matters.  On May 17, 2012, Cote made her initial appearance in this District.  (Doc. 10.)  Swenson remains at-large.

B.   ARGUMENT AND AUTHORITY

The law is settled that statements taken by foreign police in the absence of *Miranda* warnings are admissible if voluntary. *See, e.g.*, *U.S. v. Frank,* 599 F.3d 1221, 1228-29 (11th Cir.), *cert. denied*, __ U.S. __, 131 S.Ct. 186 (2010); *U.S. v. Heller*, 625 F.2d 594, 599 (5th Cir. 1980);[5] *U.S. v. Kilday*, 481 F.2d 655, 655 (5th Cir. 1973); *see also U.S. v. Yousef*, 327 F.3d 56, 146 (2nd Cir. 2003).

There are two exceptions to this rule:

>    (1)   where U.S. law enforcement officials "substantially participated" in the interrogation or the foreign police conducting the interrogation were acting as agents of the U.S. government — commonly referred to as the "joint venture" doctrine, *see Frank,* 599 F.3d at 1228-29; *Heller*, 625 F.2d at 599-600; *Morrow*, 537 F.2d at 139; *U.S. v. Rosenthal*, 793 F.2d 1214, 1230-31 (11th Cir. 1986); *Kilday*, 481 F.2d at 655-56;[6] or

---

[5] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981).

[6] *See also U.S. v. Gecas*, 120 F.3d 1419, 1433-34 (11th Cir. 1997) (noting that cooperation with foreign governments, including information sharing on specific cases, did not transform foreign governments into agents of United States and warning against "constrain[ing] the law enforcement activities of foreign countries where the privilege against self-incrimination does not exist"); *Rosenthal*, 793 F.2d

> (2) where the statements were obtained by foreign police under circumstances that "shock[ ] the conscience of the American court," *Frank,* 599 F.3d at 1228-29; *see also Heller*, 625 F.2d at 599; *Kilday*, 481 F.2d at 655-56.

The government submits that the only open issues regarding Cote's December 2011 and January 2012 statements are whether Cote made them voluntarily and in an independent investigation conducted by German investigators. U.S. law enforcement officers did not participate in the interviews. And, Cote has not shown, nor can she, that the conduct of the German investigators was so extreme and coercive as to "shock[ ] the conscience of the American court." *Heller*, 625 F.2d at 599; *see also Martin v. Wainwright*, 770 F.2d 918, 924-25 (11th Cir.1985), *modified on other grounds,* 781 F.2d 185 (11th Cir.1986) (the defendant's confession was voluntary when officers interrogated him for five

---

at 1231 (no joint venture despite finding that U.S. agents helped plan raid of the defendant's residence in Colombia, were present during raid and arrest, and promptly received all evidence obtained during raid for use in the defendant's U.S. prosecution); *U.S. v. Behety*, 32 F.3d 503, 510 (11th Cir. 1994) (Fourth Amendment inapplicable because search and seizure conducted primarily by Guatemalan officials and limited participation of U.S. officials did not constitute a joint venture sufficient to invoke Fourth Amendment); *Morrow*, 537 F.2d at 140 (FBI tip to Canadian authorities of U.S. citizen in Canada dealing counterfeit securities was insufficient to trigger Fourth Amendment protections even though all evidence was turned over to FBI for prosecution in United States).

hours, cursed at him, discussed the death penalty, and provided him with false information).

The government therefore proposes that the Court conduct a targeted evidentiary hearing immediately prior to trial to address the voluntariness of Cote's December 2011 and January 2012 statements and whether they were made pursuant to an independent or joint venture investigation conducted by German investigators.

C.   CONCLUSION

For the foregoing reasons, the government requests that the Court conduct a targeted evidentiary hearing immediately prior to trial.  The government further submits that as a result of its concession concerning Cote's February 29, 2012, telephonic statement, her suppression motion on that issue is rendered moot.

//

SIGNATURE ON NEXT PAGE

//

This 12th day of July, 2013.

            Respectfully submitted,

            SALLY QUILLIAN YATES
            UNITED STATES ATTORNEY

             */s/ Ryan Scott Ferber*
            Ryan Scott Ferber
            Assistant United States Attorney
            Ga. Bar No. 142082

            600 U.S. Courthouse
            75 Spring Street, S.W.
            Atlanta, GA 30303
            Tele.: 404-581-6012
            Fax.: 404-581-6181
            Email: scott.ferber@usdoj.gov

## CERTIFICATE OF COMPLIANCE AND SERVICE

I hereby certify that the foregoing motion was prepared using Times New Roman 14-point font and that I have caused a copy of the same to be electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

| | |
|---|---|
| Virginia Natasha Perdew-Silas | Mildred Geckler Dunn |
| Federal Defender Program Inc.-Atl | Federal Defender Program Inc.-Atl |
| Suite 1500, Centennial Tower | Suite 1500, Centennial Tower |
| 101 Marietta Street, NW | 101 Marietta Street, NW |
| Atlanta, GA 30303 | Atlanta, GA 30303 |
| 404-688-7530 | 404-688-7530 |
| Fax: 404-688-0768 | Fax: 404-688-0768 |
| Email: natasha_silas@fd.org | Email: Millie_Dunn@FD.Org |
| Attorney for defendant Cote | Attorney for defendant Cote |

This 12th day of July, 2013.

 /s/ Ryan Scott Ferber
Ryan Scott Ferber